IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11251
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST LEE HOWARD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-84-A-1
- - - - - - - - - -

June 2, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Ernest Lee Howard has appealed his conviction and sentence for controlled substance and firearms violations. For the following reasons, we AFFIRM.

After DaJuan Pratt, a fifteen-year-old employee at a "weed house" maintained by Howard and codefendant Alfred Brooks, mistakenly shot and fatally wounded a seven-year-old boy with a firearm supplied by Howard, Pratt hid the weapon under a mattress at Howard's nearby residence. Later that day, Pratt authorized

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the investigating officer to enter the residence and retrieve the weapon.  The district court denied Howard's motion to suppress the firearm.

We find no error, clear or otherwise, in the district court's finding that DaJuan Pratt had apparent authority to authorize authorities to enter Howard's dwelling to retrieve the firearm. United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997), cert. denied, 118 S. Ct. 726, 1804 (1998).  We likewise reject Howard's suggestion that Pratt's consent to the search was involuntary due to his age and custodial status.  United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993); see also United States v. Gutierrez-Hermosillo, 142 F.3d 1225, 1231-32 (10th Cir. 1998).

The record supports the district court's finding that Howard acted with malice aforethought when he supplied a teenager with a weapon and instructed him to use it if someone came in the back door.  Thus, the district court correctly applied the sentencing guidelines for second degree murder to determine Howard's base offense level.  United States v. Branch, 91 F.3d 699, 711, 734 (5th Cir. 1996), cert. denied, 520 U.S. 1185 (1997); United States v. Gonzales, 996 F.2d 88, 89-92 (5th Cir. 1993); see U.S.S.G. § 2K2.1(c)(1)(B).

While Howard waited nearby in a car, his codefendant, Brooks, threatened a witness not to reveal his and Howard's names to the police.  Howard challenges the district court's determination that Howard had obstructed justice because the intimidation of the witness was jointly undertaken by both Howard

and Brooks.  We find no error in the enhancement of Howard's
sentence for obstruction of justice.  <u>United States v. Ismoila</u>,
100 F.3d 380, 397 (5th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1219,
1247 (1997).

AFFIRMED.